## Diller, Appellant, *v.* Ranck.

*Trusts and trustees—Declaration of trust—Assumpsit for money had and received.*

In an action for money had and received, it appeared that the plaintiff claimed under a writing purporting to be a declaration of trust for the sum of $1,000. The paper set forth that the property was bought by the defendant for $74,375 of which amount $34,786 was cash payment, and the balance was secured by a mortgage. Attached to the writing was a blue print showing that the property was divided into 175 lots, the value of each of which was fixed at $425. Acknowledgment was then made that $1,000 of the aforesaid consideration was paid by the plaintiff, and that the defendant holds the title in trust for the plaintiff, and connected with this declaration is the promise at any time thereafter on the request of the plaintiff to convey the said premises by a good and sufficient deed "free from all encumbrances placed thereon by me." There was nothing in the instrument to indicate an understanding or agreement that the money itself should be returned to the plaintiff. *Held*, that the plaintiff acquired an interest in the land, but only in proportion to his contribution, and that he was not entitled to any return of the money in the absence of fraud.

Argued Nov. 17, 1911. Appeal, No. 226, Oct. T., 1911, by plaintiff, from order of C. P. Lancaster Co., Dec. T., 1910, No. 49, discharging rule for judgment for want of a sufficient affidavit of defense in case of I. N. Diller v. Jacob D. Ranck, defendant, and Martin Ebersole, garnishee. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for money had and received.

Rule for judgment for want of a sufficient affidavit of defense.

The instrument in writing on which the suit was based is as follows:

"FEBRUARY 23, 1906.

"Whereas Augustus F. Gardner, by his indenture bearing date the eighteenth day of October, nineteen hundred and five, did for the consideration sum of thirty-four thousand seven hundred and eighty-six ($34,786) dollars in cash and by taking back mortgages aggregating thirty-nine thousand five hundred and eighty-nine ($39,589) dollars, grant and convey to me the said J. D. Ranck, and to my heirs and assigns in fee, all that certain piece of land shown on the blue print hereto attached and made a part of the Declaration of Interest, being 175 lots at the rate of four hundred and twenty-five ($425) dollars per lot, which said premises were in the tenancy and possession of Augustus F. Gardner.

"Now, know ye, that I, the said J. D. Ranck, do hereby acknowledge and declare the sum of one thousand ($1,000) dollars, consideration money as aforesaid was and is the proper money of I. N. Diller—and that my name in the said indenture is only used in trust for him the said I. N. Diller—his heirs and assigns and for no other uses, trusts or purposes whatsoever and that I, my heirs, executors and administrators shall and will at any time hereafter, upon the request and at the proper costs and charges of the said I. N. Diller, his heirs and assigns, convey by a good and sufficient deed, the said premises, so as aforesaid sold and conveyed to me together with all my right, title and interest therein, free from all encumbrances placed therein by me, in such manner as by him, the said I. N. Diller, his executors, administrators or assigns, or by his or their counsel, learned in the law, shall be reasonably required.

"In witness whereof the said J. D. Ranck has hereunto set his hand and seal this twenty-third day of February, nineteen hundred and six.

J. D. RANCK    [SEAL].

"In the presence of:
    "J. A. CONSIDINE."

**510** DILLER, Appellant, *v.* RANCK.

Statement of Facts—Opinion of the Court. [49 Pa. Superior Ct.

The court in an opinion by HASSLER, J., dismissed the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. U. Hensel*, for appellant.—When defendant failed to convey, because he—not Diller—had disabled himself from doing so, the "implied promise" arose; and for that this suit was brought; and on that this statement is founded. The measure of damages is the amount of the money, and not the loss of the land; for Ranck has the land and admittedly cannot convey it: Millingar v. Hartupee, 53 Pa. 362; Duncan v. Lawrence, 24 Pa. 154; Pennock v. Freeman, 1 Watts, 401; Johnson v. Goslett, 86 Eng. C. L. 728; Kempson v. Saunders, 13 Eng. C. L. 373; Clark v. Jenness, 188 Mass. 297 (74 N. E. Repr. 343); Brown v. Cowell, 116 Mass. 461; Henchey v. Henchey, 167 Mass. 77 (44 N. E. Repr. 1075); Paul v. Grimm, 165 Pa. 139; Deysher v. Treibel, 64 Pa. 383.

*John E. Malone*, with him *C. Reese Eaby*, for appellee.

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff's action is for the recovery of money paid to the defendant. The basis of the claim is an instrument in writing signed by the defendant which is on its face a declaration of trust. The allegation of the statement is that this paper was signed by the defendant at the time the payment of $1,000 was made by the plaintiff, but this averment seems to be contradictory to the instrument itself. It is dated February 23, 1906, and sets forth that the property therein described was bought by the defendant from one Gardner on October 18, 1905, for the sum of $74,375 of which amount $34,786 was a cash payment and the balance was secured by a mortgage. It recites the fact of the conveyance by Gardner to the defendant, the cash payment and the delivery of a mortgage for the re-

mainder of the purchase money. There was attached to it a blue print showing that the property was divided into 175 lots, the value of each of which was fixed at $425. Acknowledgment is then made that $1,000 of the aforesaid consideration was paid by the plaintiff and that the defendant holds the title in trust for the plaintiff, and connected with this declaration is the promise at any time thereafter on the request of the plaintiff to convey the said premises by a good and sufficient deed "free from all encumbrances placed thereon by me" in such manner as by the plaintiff shall be reasonably required. Apparently therefore the plaintiff was one of the contributors to the hand payment on the property when it was conveyed to the defendant and one of the purchasers. Whether the plaintiff's payment was made at that time or at the date of the declaration of trust is not a controlling fact, however. The general terms of this declaration might apply to the whole of the land described therein and make the defendant trustee for the plaintiff as to all of it, but a more particular examination of the document shows that its operation should be limited to the interest for which the plaintiff had paid. It is not credible that it was the understanding that the plaintiff became entitled to have a conveyance of $74,000 worth of real estate free from liens for the consideration of $1,100. What he got was an interest in the 175 lots proportionate to the relation which his payment bore to the whole amount of purchase money. The payment by him was not for individual lots but for a share of the whole. The instrument gives notice that the property is incumbered to the amount of $39,589 on the purchase money mortgage and there was no deception or misleading of the plaintiff therefore with reference to the condition of the property in that respect. It is not alleged that the money was paid to the defendant on any promise or understanding that it should be returned to the plaintiff. It was received by the defendant for the purpose of investment in this particular piece of property and was so invested by him. The plaintiff intended to acquire an

interest in the land and he did so acquire it. The defend-, ant did with the money just what was contemplated by the plaintiff. There was therefore neither an express nor an implied obligation that it should be returned. If the payment of $1,000 was made as the plaintiff alleges on February 23, 1906, he had notice by the paper which the defendant gave him that he was investing in an incumbered piece of land and the subsequent failure of the defendant to convey to him by good and sufficient deed free from incumbrances the share for which he paid did not create a right of action to recover the amount invested. The meager evidence introduced in the case does not show the plan according to which the balance of the purchase money was to be paid and the property relieved of the incumbrance, but it does clearly appear that the plaintiff's investment was made with a knowledge of that incumbrance and that the defendant applied the plaintiff's money on the purchase price. The case is destitute of evidence that the plaintiff's money was not used for the purpose for which it was paid to the defendant or that there was any misappropriation of it, and evidence of this kind was necessary to entitle the plaintiff to recover in this action. The authorities cited by the learned counsel for the plaintiff relate to cases where money is received for a purpose which is afterward abandoned by the parties or where there is a fraudulent taking of a title, intended to be joint, in the name of one of the owners or where there is a misapplication of the fund or where money was received for a special purpose and not so applied. The principle announced in the cases is plain but is not applicable to the case at bar under the evidence.

The judgment is affirmed.